UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.T., <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant. | Civil Action No. 18-2604 (BAH) <br><br> Chief Judge Beryl A. Howell |

## MEMORANDUM OPINION AND ORDER

The plaintiff, J.T., has an elementary-school-age son, V.T., with special education needs, who has not been attending any school during the 2018–19 school year, which is almost half over.[1] Understandably, J.T. has been pushing for an appropriate solution. To that end, J.T. filed, in October 2018, an administrative due process complaint alleging two violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. The administrative hearing was scheduled for November 19, 2018, but a week before, on November 12, 2018, J.T. instituted the instant civil action, seeking immediate injunctive and declaratory relief in the form of a directive that the defendant produce certain records, to which the Hearing Officer and the District of Columbia Public Schools ("DCPS") had denied plaintiff access for use in the administrative proceeding. Compl. ¶¶ 12–14, ECF No. 1; Mot. for Temporary Restraining Order and Preliminary Injunction ("Pl.'s Mot."), ECF No. 3. According to the plaintiff, absent an order "to provide access to all records" regarding V.T., Compl. ¶ 14, J.T. would be denied

---

[1] J.T.'s counsel indicated at the November 16, 2018 hearing in this Court on the pending motion that V.T. is being home schooled.

1

"her due process rights under the IDEA and prevent[ed] [] from fully litigating her due process complaint under the IDEA," *id*. ¶15.

Neither the instant civil action nor the requested injunctive relief, however, relates to either of the violations alleged in the due process complaint at issue in the ongoing administrative proceedings. Rather, J.T. has invoked this Court's jurisdiction to resolve what amounts to a discovery dispute in the administrative proceeding. By initiating this action, and filing the pending motion, J.T. has prematurely jumped to Court. While the IDEA authorizes civil actions, such actions must follow exhaustion of administrative remedies. J.T. did not exhaust administrative remedies prior to filing this action. Thus, the motion for injunctive relief is denied and J.T. is ordered to show cause why her complaint should not be dismissed without prejudice for failure to exhaust.

**I.     BACKGROUND**

Finding an educational home for V.T. has been difficult. For the 2018–19 school year, DCPS took until September 17, 2018 to identify a school placement, Pl.'s Mot., Ex. 1, Due Process Compl. at 2, ECF No. 3-1, allegedly without consulting J.T. or her husband, *id.* V.T. has not been attending the school identified by DCPS because, according to J.T., "it is not an appropriate placement." *Id.* DCPS has not offered a new placement. *Id.*

Consequently, on October 12, 2018, J.T. filed an administrative due process complaint alleging that DCPS is not providing V.T. with a free appropriate public education and had failed to include her in the decision about V.T.'s school placement, each in violation of the IDEA. Due Process Compl. at 1. As noted, a hearing on that due process complaint was scheduled for November 19, 2018. Pl.'s Mot., Ex. 2, Prehearing Order at 2, ECF No. 3-2.

In preparation for the hearing, J.T.'s counsel requested from DCPS "copies of or access to all of V.T.'s education records." Pl.'s Mot., Ex. 3, Oct. 30 Email, ECF No. 3-3. Subsequently, on November 5, 2018, the administrative Hearing Officer held a prehearing conference and instructed the parties to disclose witnesses and exhibits to be relied upon at the upcoming hearing. Prehearing Order at 6. Two days later, a DCPS "monitoring specialist" informed J.T.'s counsel that records were available for collection, Pl.'s Mot., Ex. 4, Nov. 7 Email, ECF No. 3-4, but, upon review, J.T.'s counsel advised DCPS that the production was inadequate because "no records more than six months old" had been produced, nor had DCPS produced "internal communications," Pl.'s Mot., Ex. 5, Nov. 8 Email, ECF No. 3-5. J.T.'s counsel alerted the Hearing Officer of the same perceived deficiencies. Pl.'s Mot., Ex. 7, Nov. 9 Email Thread at 4, ECF No. 3-7.

Over the next several days, J.T.'s counsel, DCPS, and the Hearing Officer exchanged emails about the nature of the alleged discovery shortcomings, potential supplementary productions, J.T.'s counsel's view of DCPS's disclosure obligation, and how to proceed with the administrative hearing. *Id.* at 1–3; Pl.'s Mot., Ex. 8, Nov. 9 Email, ECF No. 3-8; Pl.'s Mot., Ex. 9, Nov. 12 Email Thread, ECF No. 3-9.

In the end, the Hearing Officer informed the parties that he did "not expect to grant or agree to a continuance, unless both sides request it." Nov. 12 Email Thread at 1. The Hearing Officer was inclined, however, to grant a motion to amend the due process complaint to "add the issue of educational records." *Id.* at 2. Instead of accepting the Hearing Officer's offer, J.T.'s counsel responded that he intended to "continu[e] forward with my federal complaint, which is almost ready for filing, and my [preliminary injunction] Motion to obtain the records." *Id.* at 1.

On November 12, 2018, J.T., on behalf of V.T., filed this federal action against the District of Columbia alleging that DCPS violated the IDEA by failing to permit J.T.'s access to records, as the statute mandates. *See* Compl. at ¶ 1, ECF No. 1. Then, DCPS made a second, allegedly inadequate record production, *see* Pl.'s Mot., Ex. 10, Nov. 13 Email Thread at 1–2, ECF No. 3-10, and declined to take a position on the requested stay of the administrative proceeding pending resolution of the document production dispute, *see* Pl.'s Mot., Ex. 12, Nov. 12 Email, ECF No. 3-12.

In her pending motion for temporary injunctive relief, J.T. asserts that DCPS violated 20 U.S.C. § 1415(b)(1) by failing to produce "all records related to" V.T and asks the Court to both stay the administrative hearing and order DCPS to provide J.T. all requested records. Pl.'s Mot. at 2. DCPS responded, *inter alia*, that DCPS "has already produced all relevant documents related to V.T.," Def.'s Opp'n to Pl.'s Mot. ("Def.'s Opp'n") at 1, ECF No. 7, and that the email communications sought by the plaintiff "are not otherwise kept on file for V.T. as part of his 'educational records,'" *id.* at 2.

On November 16, 2018, at this Court's hearing on J.T.'s motion, J.T.'s counsel agreed to limit the records request to internal DCPS emails related to V.T., emails between DCPS and V.T.'s former school related to V.T., and emails between DCPS and the Office of State Superintended of Education related to V.T., for the period of 2016 to the present. Rough Transcript of Hearing (Nov. 16, 2018) at 26:22–31:1.[2] Later the same day, DCPS submitted a status report containing a catalog of the contents of the educational records maintained for V.T., as required under 34 C.F.R. § 300.616, Def.'s Status Report, Ex. 1, Education Record List, ECF

---

[2] Citations to the November 16, 2018 hearing transcript are to a rough draft of the transcript, since the court reporter has not made a final transcript available. Discrepancies in page numbers between the rough and final transcripts may exist.

4

No. 8-1, and requested the opportunity "to present the factual and legal issues to the hearing officer" so that "any subsequent ruling from the Court will be on a full administrative record," *id*. at 1. The defendant further expressed its willingness "to cooperate with Plaintiff in requesting the hearing officer consider the issue."[3] *Id.* Despite the change in DCPS's litigating posture, J.T. withheld consent to DCPS's proposal. Pl.'s Status Report at 1, ECF No. 9. The administrative hearing then began on November 19. *See* Joint Status Report at 1, ECF No. 10. In accordance with the Court's order for the parties to file a joint report, by November 20, about the status of access-to-records issues in the administrative proceeding, *see* Min. Order (dated Nov. 17, 2018), the parties timely filed a report informing the Court that the parties are engaged in proceedings before the Hearing Officer to resolve the access-to-records questions. Joint Status Report at 1–2. J.T.'s motion for injunctive relief is now ripe for review.

## II. DISCUSSION

V.T. needs to be in an appropriate school and DCPS has a statutory obligation to provide him with a "free appropriate public education." 20 U.S.C. § 1412(a)(1). Yet, the IDEA also creates a clear order of operations: Alleged violations go first to administrative proceedings, *see*

---

[3]    The defendant requested an "outline[] [of] the specifics of the issue to be decided" by the Hearing Officer "so as to speed along the process," Def.'s Status Report at 1, and the Court acquiesced in outlining the following issues that the Hearing Officer should have an opportunity to address in the first instance, "(1) whether the defendant's processes for identifying the records cataloged in the attachment to the District of Columbia's Status Report are sufficient to include all of a student's 'education records,' within the meaning of 34 C.F.R § 99.3; (2) whether the defendant has failed to previously disclose to the plaintiff records included in that attachment; (3) whether the defendant has sufficient policies and practices to maintain all records 'directly related to a student,' *see id.*; *see also* 20 U.S.C. § 1415(b)(1) ('The procedures required by this section shall include [a]n opportunity for the parents of a child with a disability to examine all records relating to such child.'); (4) the circumstances, if any, when the defendant's or others' email communications are part of a student's 'education records' and the mechanisms employed by the defendant to ensure such communications are appropriately included in such record; (5) the mechanisms employed by the defendant to store and supplement students' 'education records' for such records to include all information 'directly related to a student,' 34 C.F.R. § 99.3; (6) whether the defendant has in this case taken all necessary and appropriate steps to ensure the completeness of the student's 'education records'; and (7) after consideration of the foregoing, whether the defendant's internal email communications and/or email communications 'directly related to a student' between or among the defendant and the Office of the State Superintendent of Education, the Kingsbury Center, or others, should be included in the student's 'education records' or otherwise produced in connection with the pending due process hearing." Min. Order (dated Nov. 17, 2018).

5

20 U.S.C. § 1415(f)(1); unfavorable administrative decisions are reviewable in a district court, *id.* § 1415(i)(2)(A).

Neither party raised the threshold requirement of administrative exhaustion, even though the IDEA imposes a duty to "pursue all administrative avenues of redress under the [IDEA] before seeking judicial review under the Act." *Cox v. Jenkins*, 878 F.2d 414, 419 (D.C. Cir. 1989). Administrative redress is available by alleging an IDEA violation in a due process complaint, which complaint is then heard by an officer of the local educational agency. 20 U.S.C. § 1415(f)(1)(A). A hearing officer may consider any issue presented in the due process complaint. *Id.* § 1414(f)(3)(B); 34 C.F.R. § 300.511(d). Judicial review is limited to issues raised in the due process complaint because "matters not presented to the Hearing Officer are not administratively exhausted for the purposes of district-court review." *Adams v. District of Columbia*, 285 F. Supp. 3d 381, 394 (D.D.C. 2018).

J.T.'s due process complaint contains two alleged IDEA violations, neither of which is focused on DCPS's alleged failure to comply with the disclosure obligations provided in 20 U.S.C. § 1415(b)(1). Due Process Compl. at 1. Thus, J.T.'s complaint and accompanying motion for injunctive relief reach beyond any issue put before the Hearing Officer. Having administratively failed to exhaust what access the IDEA requires to records relating to V.T. or, framed alternatively, what records are included in V.T.'s "education records" maintained by DCPS, *see* 34 C.F.R. § 99.3, J.T. cannot ask this Court to resolve that issue in the first instance. Moreover, even if the access allegation had been included in the initial due process complaint, J.T.'s civil action and motion for injunctive relief are premature in another respect: the Hearing Officer has not yet issued a final decision on *any* aspect of underlying due process complaint.

Nothing about the nature of the violation that J.T. alleges immunizes this IDEA action from the exhaustion requirement. Section 1415(b)(1) sets out a general right to access a student's records, no different than any other of the statute's procedural protections. *See* 20 U.S.C. § 1415(b)(1)–(8). Neither the IDEA nor the implementing regulations except alleged violations of the right to access from the exhaustion requirement. Indeed, the Second Circuit has enforced the exhaustion doctrine against an IDEA records-access claim. *See Taylor v. Vermont Dept. of Educ.*, 313 F.3d 768, 786–91 (2d Cir. 2002) (ruling that a section 1983 claim alleging violations of the IDEA's right to access records was subject to the administrative exhaustion requirement, but ruling that the futility exception excused the failure to exhaust in that case). While J.T. is authorized to make a records request in connection with the impending due process hearing, *see* 34 C.F.R. § 300.613(a), nothing suggests that such a request is exempt from the exhaustion requirement in seeking judicial review.

Moreover, although a due process hearing is limited to subject matters included in the complaint that launched the due process hearing, a Hearing Officer may expand the scope of the hearing if the parties agree. 20 U.S.C. § 1415(f)(3)(B). Additionally, the regulations expressly provde that a due process complaint may be amended with the Hearing Officer's permission. 34 C.F.R. § 300.508(d)(3). Prior to J.T. filing the instant civil action, the Hearing Officer had invited her to amend her due process complaint, but J.T. declined to pursue that opportunity. Nov. 12 Email Thread at 2. Then, following the November 16 hearing in this Court, DCPS agreed to present the access-to-records question to the Hearing Officer. Def.'s Status Report at 1. Indeed, administrative review of the access-to-records issues is underway. *See* Joint Status Report at 1–2.

Failures to exhaust are excusable if administrative review is futile or inadequate. *Honig v. Doe*, 484 U.S. 305, 327 (1988). Here, administrative review is neither. J.T.'s motion alleges that "the Hearing Office assigned to the administrative case has refused to order DCPS to provide access to the records withheld," Pl.'s Mot. at 1, but that presupposes J.T.'s access is as broad as she imagines. The Hearing Officer, as noted, expressly invited J.T. to amend the due process complaint so that the Hearing Officer could resolve the contested educational records issue. Nov. 12 Email Thread at 2. Despite J.T.'s assertion that DCPS has refused to comply with the statutory production duty, had J.T. added a claim about records access to the due process complaint, as invited by the Hearing Officer, DCPS would have been compelled to justify withholding certain records. In any event, even if DCPS had been obstinate before, administrative review is now taking place. Joint Status Report at 1–2.

Finally, J.T.'s premature motion runs afoul of a basic tenet of the federal judiciary: "'From the very foundation of our judicial system,' the general rule has been that 'the whole case and every matter in controversy in it [must be] decided in a single appeal.'" *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1712 (2017) (quoting *McLish v. Roff*, 141 U.S. 661, 665–66 (1891)). While that principle is embodied most concretely in 28 U.S.C. § 1291, which statute this case does not implicate, section 1291's rule against "piecemeal appeals" reflects a commitment to the relationship between a body that hears a case in the first instance, and one that performs secondary review. *Id.*; *see also Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 24 (1966) ("Unlike some state procedures, federal law expresses the policy against piecemeal appeals."). Leaving for the Hearing Officer to consider in the first instance what records DCPS must produce does not subject J.T. or V.T. to harms shielded from this Court's review. To the contrary, if, at the administrative level, the access-to-records question is resolved in DCPS's

favor, and J.T. unsuccessfully litigates her two other claims without the benefit of records that the IDEA entitles her to, this Court, upon J.T.'s properly filed civil action, "shall hear additional evidence at the request of a party." 20 U.S.C. § 1414(i)(2)(C)(ii). While this may result in further delaying V.T's placement in a school that can provide a free appropriate public education, such delay is an artifact of the statutory process binding on this Court.

## III. CONCLUSION

For the foregoing reasons, upon consideration of the plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 3, the memoranda submitted in support and opposition, and the entire record in this matter, it is hereby

**ORDERED** that the plaintiff's motion is DENIED; and it is further

**ORDERED** that the plaintiff show cause by Wednesday, December 5, 2018 why the Complaint, ECF No. 1, should not be dismissed without prejudice for failure to exhaust.

**SO ORDERED**.

Date: November 20, 2018

_____
BERYL A. HOWELL
Chief Judge